UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAMAAR TYRONE BRAZIER,<br><br>                Plaintiff,<br>v.<br><br>NICHOLAS BRIGRANDI, et al.,<br><br>                Defendants. | Case No. 2:17-cv-00037-JAD-PAL<br><br>**ORDER**<br><br>(IFP App. – ECF No. 3;<br>Mot. to Amend – ECF No. 4) |

This matter is before the court on Plaintiff Lamaar Tyrone Brazier's Application to Proceed *In Forma Pauperis* (ECF No. 3) and Motion to Amend Complaint (ECF No. 4). This application and motion are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Brazier is a prisoner in the custody of the Nevada Department of Corrections at the Southern Desert Correctional Center. He proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Brazier has also requested permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. *See* IFP Application (ECF No. 3); Financial Certificate (ECF No. 6).

Pursuant to § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed IFP, meaning without prepaying the $400 filing fee.[1] In general, when a district court grants a prisoner IFP status, federal law states that "the prisoner shall be required to pay the full amount of the filing fee." 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2) (requiring the court to dismiss a prisoner's claim if the allegation of poverty is untrue).

---

[1] The $400 filing fee consists of a $350 base fee and a $50 administrative fee. Pursuant to the court's Schedule of Fees dated January 1, 2015, the $50 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

Mr. Brazier is therefore advised that even if this action is dismissed, he must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from Mr. Brazier's inmate account will continue until the balance is paid. *See Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051–52 (9th Cir. 2016).

The district court determines an appropriate amount of an initial partial filing fee based on a formula provided in 28 U.S.C. § 1915(b)(1). Prisoners must pay an initial partial filing fee of the greater of twenty percent (20%) of the average monthly deposits or twenty percent (20%) of the average monthly balance of his account for the six months immediately preceding the start of this action. *Id*. However, a prisoner who has no assets or means to pay an initial partial filing fee is not prohibited from bringing a civil action. *See* 28 U.S.C. § 1915(b)(4). The facility having custody of the prisoner will be instructed to forward payments from the prisoner's account each month in which the balance exceeds $10 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Here, Brazier has requested authority to proceed IFP and submitted the financial affidavit, financial certificate, and inmate account statement required by § 1915(a)(2) and LSR 1-1 and 1-2. His financial documents show that he is unable to prepay fees and costs or give security for them. Accordingly, the court will grant his request to proceed IFP pursuant to § 1915(a). Brazier's average monthly balance is $0, and his average monthly deposits are $0. Therefore, the court finds that Mr. Brazier is unable to pay an initial partial filing fee and he will pay the $350 filing fee through monthly instalments from his inmate trust account.

Mr. Brazier has also filed a Motion to Amend (ECF No. 4) along with a proposed amended complaint. After granting a prisoner's request to proceed IFP, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). Because the initial screening has not yet occurred, the court will grant Brazier leave to amend and screen the proposed amended complaint in a separate order. Accordingly,

**IT IS ORDERED:**

1. Plaintiff Lamaar Tyrone Brazier's Application to Proceed *In Forma Pauperis* (ECF No. 3) and Motion to Amend Complaint (ECF No. 4) are GRANTED.

2

2. Mr. Brazier is permitted to maintain this action to conclusion without prepaying the $350 filing fee or an initial partial filing fee. This Order granting *in forma pauperis* status does not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk of the Court shall file the Amended Complaint (ECF No. 4-1), but **SHALL NOT** issue summons.

4. The court will screen Mr. Brazier's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a) in a separate order. However, even if this action is dismissed, the full $350 filing fee must still be paid in instalments pursuant to 28 U.S.C. § 1915(b)(2).

5. Pursuant to 28 U.S.C. § 1915(b)(2), the Southern Desert Correctional Center shall forward to the Clerk of the United States District Court, District of Nevada, twenty percent (20%) of preceding month's deposits to Brazier's inmate trust account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action pursuant to 28 U.S.C. § 1915(b)(2).

6. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office and the Accounting Supervisor of the Southern Desert Correctional Center.

7. If Brazier should be transferred to another correctional facility, the Accounting Supervisor at the Southern Desert Correctional Center is directed to send a copy of this Order to the new place of incarceration and indicate the amount that Brazier has paid towards his filing fee so that funds may continue to be deducted from his account.

Dated this 26th day of September, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE