UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAMAAR TYRONE BRAZIER,<br><br>                                  Plaintiff,<br>      v.<br><br>NICHOLAS BRIGRANDI, et al.,<br><br>                                  Defendant. | Case No. 2:17-cv-00037-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION** |

This matter is before the court on Plaintiff Lamaar Tyrone Brazier's ("Brazier") failure to comply with the court's Order (ECF No. 10). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Plaintiff is proceeding in this action *pro se*. He submitted an Application to Proceed *In Forma Pauperis* (ECF No. 3) and a complaint (ECF No. 1). Brazier filed a Motion to Amend the Complaint (ECF No. 4) January 27, 2017. The court issued an Order (ECF No. 7) on September 26, 2017 granting Brazier permission to proceed *in forma pauperis* and granting Brazier's motion to amend his complaint. The Second Amended Complaint (ECF No. 8) was filed September 26, 2017. The court issued a Screening Order (ECF No. 10) on January 29, 2019 screening the complaint pursuant to 28 U.S.C. § 1915(e). The undersigned found that the complaint failed to state a valid claim and allowed Brazier until March 1, 2019, to file a third amended complaint. The screening order warned Brazier that a failure to file a third amended complaint addressing the deficiencies explained by the court would result in a recommendation to the district judge that this case be dismissed. To date, Plaintiff has not filed an amended complaint, requested an extension of time, or taken any other action to prosecute this case.

Furthermore, the screening order was returned to the court on February 19, 2019 as "Return to Sender, Not Deliverable as Addressed, Unable to Forward," which means that Brazier has not

kept the court apprised of his current address pursuant to LR IA 3-1. LR IA 3-1 states:

> An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiff's Third Amended Complaint (ECF No. 10) be **DISMISSED without prejudice** unless: (a) he files a third amended complaint on or before **April 5, 2019**, and (b) files a notice of change of address advising the court of his current address.

2. The Clerk of the Court be instructed to close the case and enter judgment accordingly.

Dated this 7th day of March 2019.

                                                                   _____
                                                                   PEGGY A. LEEN
                                                                   UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition,

1  failure to file timely objections to any factual determinations by a magistrate judge may be
2  considered a waiver of a party's right to appellate review of the findings of fact in an order or
3  judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th
4  Cir. 1991); Fed. R. Civ. Pro. 72.